Chamberlain v New York State Dept. of Taxation & Fin. (2018 NY Slip Op 07383)





Chamberlain v New York State Dept. of Taxation & Fin.


2018 NY Slip Op 07383


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

525967

[*1]RICHARD CHAMBERLAIN et al., Appellants,
v
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Hodgson Russ LLP, Albany (Timothy P. Noonan of counsel), for appellants.
Barbara D. Underwood, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal (transferred to this Court by order of the Court of Appeals) from an order of the Supreme Court (McDonough, J.), entered March 13, 2017 in Albany County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
From 2009 through 2011, plaintiffs maintained their domicile in Connecticut and a residence in New York City, where they both worked. Concededly, they were both physically present in New York for more than 183 days each year and thus qualified as statutory residents of New York (see Tax Law § 605 [b] [1] [B]). Plaintiffs filed joint Connecticut resident income tax returns and paid taxes on their worldwide income, which, in large part, included income from the sale of their shareholder interest in a business entity. Plaintiffs also filed joint New York nonresident income tax returns, essentially on their wage income earned in New York. After an audit, defendant Department of Taxation and Finance concluded that, as statutory residents, all of plaintiffs' income was subject to New York's income tax. The Department assessed a tax liability against plaintiffs of $2.7 million on their intangible income (i.e., income derived from interest, dividends and capital gains), without any credit for taxes paid to Connecticut. Plaintiffs paid the tax under protest and then commenced this declaratory judgment action, challenging the constitutionality of the tax as double taxation, violative of the dormant Commerce Clause, which "prohibit[s] certain state taxation even when Congress has failed to legislate on the subject" (Oklahoma Tax Commn. v Jefferson Lines, Inc., 514 US 175, 179 [1995]; see US Const, art I, § 8). After converting defendant's motion to dismiss to one for summary judgment, Supreme Court granted the motion and declared that New York's statutory residency provision was constitutional. Plaintiffs appealed directly to the Court of Appeals (see CPLR 5601 [b] [2]), which transferred the matter to this Court, finding that the constitutional question presented on appeal was not substantial.
Plaintiffs candidly acknowledge that in Matter of Tamagni v Tax Appeals Trib. of State of N.Y. (91 NY2d 530 [1998], cert denied 525 US 931 [1998]), the Court of Appeals rejected the same arguments raised in plaintiffs' complaint. That said, plaintiffs maintain that the Tamagni ruling was abrogated by a recent decision of the Supreme Court of the United States, Comptroller of Treasury of Maryland v Wynne (575 US ___, ___, 135 S Ct 1787 [2015]). This same thesis was recently rejected by the First Department in Edelman v New York State Dept. of Taxation & Fin. (162 AD3d 574 [2018]). Edelman distinguished Wynne as pertaining to taxpayers who were residents of only one state and whose out-of-state business income was at issue — not intangible investment income — as in Tamagni and as here. The First Department further concluded that Commerce Clause scrutiny does not change the determination in Tamagni that the challenged statute does not affect interstate commerce. Notably, New York provides a credit for income taxes paid by its residents to other states if the income is "'derived therefrom' — i.e., earned in the other [s]tate" (Matter of Tamagni v Tax Appeals Trib. of State of N.Y., 91 NY2d at 536, quoting Tax Law § 620 [a]; see 20 NYCRR 120.4 [d]). We find the First Department's analysis persuasive and conclude that Supreme Court properly granted summary judgment in defendants' favor.
Egan Jr., J.P., Devine, Clark and Rumsey, JJ. concur.
ORDERED that the order is affirmed, without costs.